UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN LANDS ALLIANCE, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 00-2339 (RBW) |
| GALE A. NORTON, et al., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

This matter comes before the Court on the plaintiffs' Motion for Injunctive Relief ("Pls.' Inj. Mot."). On January 30, 2003, this Court issued a Memorandum Opinion and Order granting the plaintiffs' motion for summary judgment and ordered that the defendants comply with making the mandatory findings pursuant to 16 U.S.C. § 1533(b)(3) of the Endangered Species Act ("ESA") with respect to a petition filed by the plaintiffs to list the Gunnison sage grouse as an endangred species under the ESA. Am. Lands Alliance v. Norton, 242 F. Supp. 2d 1, 8-12 (D.D.C. 2003) (Walton, J.). In addition, the Court declared that the United States Fish and Wildlife Service's ("FWS") Petition Management Guidance ("PMG") Policy, that treats public petitions to list a species under the ESA, such as the one the plaintiffs submitted, as "redundant" if a species has already been placed on FWS's candidate list pursuant to its internal process, as violative of the ESA's "notice and comment" requirement embodied in 16 U.S.C. § 1533(h) and therefore procedurally flawed. Id. at 12-15. Finally, the Court declared that the PMG Policy that treats external petitions as "redundant" is facially invalid because it allows the defendants to avoid their mandatory, non-discretionary duties to issue findings when public petitions are

submitted pursuant to 16 U.S.C. § 1533(b)(3)(B). Id. at 15-18.

On March 17, 2003, following the scheduling of a hearing to address the appropriate relief to be awarded the plaintiffs in this case, the defendants filed a motion for reconsideration ("Defs.' Recon. Mot."). The defendants sought reconsideration of the Court's findings based upon the position that "the court's opinion appears to be premised on an erroneous assumption that issuance of a candidate notice is tantamount to indefinitely postponing the required 12-month finding under section 4(b)(3)(B) of the ESA, 16 U.S.C. § 1533(b)(3)(B)." Defs.' Recon. Mot., Defendants' Memorandum in Support of Motion for Reconsideration ("Defs.' Recon. Mem.") at 2. The defendants went on to assert that "[r]ather, the Service's position is that a properly documented candidate notice serves as both the required 90-day finding and a 12-month warranted but precluded finding[, which is] in compliance with ESA section 4(b)(3)(B)(iii)." Id. The defendants also noted that "in the intervening period since summary judgment briefing, the service has published two Candidate Notices of Review ("CNORs") in which it has made explicit 12-month findings of 'warranted but precluded' regarding the Gunnison sage grouse." Id. Based upon this additional information, which was not before the Court when it issued its Memorandum Opinion and Order, the Court vacated its Order requiring that the defendants publish findings mandated by 16 U.S.C. § 1533(b)(3) because the defendants had already published what purportedly amounted to a 12-month "warranted but precluded" finding. May 13, 2003 Order at 5. However, the Court denied the defendants' request to reconsider its ruling that the FWS's PMG Policy that treats external petitions as "redundant" if a species has already been placed on the FWS's internal candidate list as facially invalid, because it allows the defendants to avoid their obligations mandated by 16 U.S.C. § 1533(b)(3)(B). Id. at 10.

The first issue that this Court must address regarding the motion currently before the Court is whether its January 30, 2003 Order was a final order, since the defendants assert that the plaintiffs' motion for injunctive relief is untimely under Federal Rule of Civil Procedure 59 and does not satisfy the standard for awarding relief under Federal Rule of Civil Procedure 60(b). Defendants' Surreply in Opposition to Plaintiffs' Motion for Injunctive Relief ("Defs.' Inj. Surreply") at 2-3. Specifically, the defendants argue that the plaintiffs' motion under Rule 59 is untimely because it was filed more than four months after the Court's initial ruling, id. at 2, and that the plaintiffs have failed to demonstrate that they meet the standard for granting relief under Rule 60(b)(1) or 60(b)(6). Id. at 3. Both of these arguments stem from the defendants' understanding that the Court's January 30, 2003 Order was in fact a final order. See id. at 2-3.

The Court must reject the defendants' arguments, however, because the January 30, 2003 Order was not a final order. Ruling on the defendants' motion for reconsideration, this Court held that the January 30, 2003 Order was a final order, noting that the only pending matter to be resolved at that time was the attorney's fees issue. May 13, 2003 Order at 3. This pronouncement was erroneous because Judge Jackson, to whom this case was previously assigned, had permitted the plaintiffs to file an amended complaint on November 28, 2000, asking for a nationwide permanent injunction against the defendants. Amended Complaint ("Am. Compl.") at 3. Thus, because the Court did not rule on whether such relief was appropriate in its January 30, 2003 Order, the Court must now conclude, contrary to its prior ruling, that the January 30, 2003 Order was not a final order. Therefore, the Court should have reviewed the defendants' motion for reconsideration under the standard of review set forth in Federal Rule of Civil Procedure 54(b), which is applicable to interlocutory orders, rather than

under the standard of review of Federal Rule of Civil Procedure 60(b), which is applicable to final orders. Although the standard for reviewing a final order is stricter than the standard applicable to an interlocutory order, see APCC Serv., Inc. v. AT&T Corp., 281 F. Supp. 2d 41, 44 (D.D.C. 2003) (noting that Rule 60(b) requires a showing of manifest injustice while an interlocutory order may be revised as justice requires pursuant to Rule 54(b)) (Huvelle, J.), even if the Court had properly reviewed the January 30, 2003 Order under the less stringent interlocutory order review standard, it would have reached the same conclusion in its May 13, 2003 Order. This is because the Court would have still vacated its prior order requiring the defendants to issue a 12-month finding due to the defendants' representation that they had already published what amounted to a 12-month finding, see May 13, 2003 Order at 2-3, and would have still declared as invalid the PMG Policy that treats external petitions to list a species under the ESA as "redundant" when a species has already been placed on the internal candidate list since the mere assertion that the invalid policy has been discontinued is insufficient to guard against its future use. See id. at 9. Thus, even if the Court had analyzed the defendants' motion for reconsideration under the "as justice requires" standard, the Court would not have deviated from Supreme Court and Circuit Court precedent holding that mere discontinuation of an invalid policy is insufficient reason to vacate an earlier judgment. See City of Mesquite v. Aladdin's Castle Inc., 455 U.S. 283, 289 (1982) (denying the city's request for dismissal due to repeal of challenged law because repeal "would not preclude [the city] from reenacting precisely the same provision if the District Court's judgment were vacated"); United Food & Commercial Workers Int'l Union, AFL-CIO, CLC v. IBP, Inc., 857 F.2d 422, 430 (8th Cir. 1988) (noting that "courts have refused to dismiss cases where a governmental body discontinued a wrongful practice and

promised not to resume it, since '[p]resent intentions may not be carried out,' and 'it is not certain that changes in leadership or philosophy might not result in reinstitution of the [challenged] policy'"). Moreover, as the Court noted in its May 13, 2003 Order, the FWS has not only failed to repeal or amend the invalid policy, it continues to acknowledge the validity of the PMG policy. May 13, 2003 Order at 9-10. Therefore, the Court must conclude that while the defendants' motion for reconsideration should have been reviewed under the interlocutory order standard of review articulated in Rule 54(b), that analysis would have resulted in the same conclusion – that the part of the PMG Policy that treats external petitions to list a species under the ESA as "redundant" when that species is on the FWS's internal candidate list is invalid.

     The Court must now turn to the plaintiffs' request for a permanent nationwide injunction. This case presents a situation similar to the one considered by the District of Columbia Circuit in National Mining Association v. United States Army Corps of Engineers, 145 F.3d 1399 (D.C. Cir. 1998). In that case, the Circuit Court affirmed the district court's issuance of a permanent nationwide injunction upon its conclusion that the agency's rule was facially invalid. Id. at 1408. Noting that "district courts enjoy broad discretion in awarding injunctive relief[,]" id. (citing Wagner v. Taylor, 836 F.2d 566, 575 (D.C. Cir. 1987)), the National Mining Court concluded that once the district court concluded that the rule was illegal, it was not required to make "express findings as to the elements necessary for a permanent injunction[.]" Id. Of particular significance to this case, is the Circuit Court's language with respect to the issuance of a permanent nationwide injunction against an agency upon finding a rule facially invalid. The National Mining Court explained that

> if persons adversely affected by an agency rule can seek review in the district court for the District of Columbia, as they often may, see 28 U.S.C. § 1391(e), our refusal to sustain a broad injunction is likely merely to generate a flood of duplicative litigation.  Even though our jurisdiction is not exclusive, an injunction issued here only as to the plaintiff organizations and their members would cause all others affected by the [invalid rule] to file separate actions for declaratory relief in this circuit.  Issuance of a broad injunction obviates such repetitious filings.

Id. at 1409.  This Court finds nothing unique in this case that would justify departing from the Circuit Court's holding in National Mining.  The Court has already ruled that the provision of the PMG policy that treats external petitions as "redundant" if a species has already been placed on the FWS's candidate list pursuant to its internal process, to be facially invalid.  See Am. Lands, 242 F. Supp. 2d at 15-18.  A mere declaratory judgment without any injunctive relief would create the anomalous result of allowing the FWS to continue applying an invalid regulation.  Issuing a nationwide injunction in this situation is therefore called for because the declaratory judgment alone is inadequate when a policy is found to be facially invalid.  Nat'l Mining Assoc., 145 F.3d at 1409.  Furthermore, a permanent nationwide injunction avoids future redundant and duplicative litigation.  Id.

In conclusion, having held in its January 30, 2003 Memorandum Opinion and Order as invalid that part of the PMG Policy that treats public petitions to list a species under the ESA as "redundant" if a species has already been placed on FWS's candidate list pursuant to its internal process because it violates the ESA's "notice and comment" requirement embodied in 16 U.S.C. § 1533(h) and because it allows the defendants to avoid the mandatory, non-discretionary obligations articulated in 16 U.S.C. § 1533(b)(3)(B), the Court will now issue a permanent injunction prohibiting the FWS from applying this policy.  Accordingly, it is hereby this 2nd day

of June, 2004

**ORDERED** that the plaintiffs' motion for injunctive relief be **GRANTED**.  It is

**FURTHER ORDERED** that the defendants' PMG Policy that treats a public petition to list a species under the ESA as "redundant" if the species has already been identified as a "candidate" for listing under the FWS's internal process is hereby declared invalid and the defendants are enjoined from applying this policy.

**SO ORDERED.**

                                            REGGIE B. WALTON
                                            United States District Judge